UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN TOWN,

        Plaintiff,

vs                                   Hon. Robert H. Cleland

MGM GRAND DETROIT LLC,         Case No. 2-11-cv-14249

        Defendant.

| Law Offices of Joshua Friedman | Louis Theros (P42970) |
|---|---|
| Joshua Friedman | Bethany Steffke Sweeny (P64037) |
| Rebecca Houlding | Shanta S.W. McMullan (P71703) |
| Daniela Nanau | BUTZEL LONG, a professional corporation |
| 1050 Seven Oaks Lane | Attorney for Defendant |
| Mamaroneck, NY 10543 | MGM Grand Detroit, LLC |
| Attorneys for Plaintiff | 150 W. Jefferson, Suite 100 |
| | Detroit, MI 48226 |
| | (313) 225-7039 |

**STIPULATION AND PROTECTIVE ORDER**

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled, it is hereby ORDERED:

      **1.**       **Designation of Information as Confidential**

      (a)       The parties may designate any documents produced by them, any answer provided by them to any interrogatory or other written response to any discovery allowable under the Federal Rules of Civil Procedure, as well as portions of any deposition testimony by a party or any past or present officers, employees or agents, and/or any other proprietary or private information produced or provided by them during the course of this litigation as

"CONFIDENTIAL" (hereafter "confidential or "protected information") within the meaning of Fed. R. Civ. P. 26(c) and Section 1(b) herein.

(b)     This paragraph does not apply to information a person, entity or party learns about independently, such as through a Freedom of Information Act request submitted to a governmental entity or the service of a *subpoena duces tecum* on a third party, even if the information is otherwise designated confidential by a producing party, except medical records, which may be designated confidential even if obtained via subpoena.

(c)     Subject to the limitations defined by Paragraph 1(b), Confidential and/or protected information is defined as:

    (1)    the personnel records of individuals, including Plaintiff, wherever maintained, and other documents in Defendant's possession or obtainable by Defendant which contain social security numbers, home addresses, salary/wages or financial information of third parties;

    (2)    employee demographic information to the extent such information is not available to the public;

    (3)    financial information and/or financial records of Defendant, its parent companies, subsidiaries and affiliates, to the extent that such information is not available to the public;

    (4)    security and surveillance systems and procedures;

    (5)    human resources, security, surveillance or other investigations of employees and patrons/customers, including all related notes, tapes and documents;

    (6)    customer and player information, including customer lists, profiles, demographics, and analysis;

   (7) research, development, analysis, marketing, business planning, training, wage and benefit information (whether in budgets or other documents discussing these topics), and gaming information, to the extent that this information is not otherwise available to the general public;

   (8) any formula, pattern, device or compilation of information from which Defendant obtains an advantage over their competitors;

   (9) Plaintiff's medical records; and

   (10) expert reports and materials.

 (d) Medical information of third parties shall not be disclosed unless expressly ordered by the Court.

 (e) The presumption is that information is not confidential unless specifically identified as confidential under this Order. With respect to documents or written responses to discovery requests, such designation shall be made conspicuously by stamping each page of said documents or, where appropriate, the written responses, "Confidential," "Confidential Pursuant to Court Order" or "Confidential Subject to Protective Order."

 (f) With respect to deposition testimony and deposition exhibits, the parties (and deponents) may, within fifteen days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. The parties will exercise their best efforts to designate specific page and line references subject to such protection and will not designate entire depositions as confidential without prior Court approval. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the legend specified in Paragraphs 1 or 2 of this Order. Until expiration of the fifteen-day period, the entire deposition will be treated as subject to

protection against disclosure under this Order if either party or the deponent so requests. If no party or deponent makes such a request or otherwise designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a request for confidentiality is made and is followed by a timely designation, the confidential portions and exhibits shall be maintained and filed under seal separate from the portions and exhibits not so marked.

(g)     All documents, ESI, written discovery responses and oral testimony so designated as confidential shall be subject to the provisions below.

## 2.     **Non-Disclosure of Protected Information**

No protected information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in Paragraphs 3 and 4 of this Order, unless prior written consent is obtained from the party that produced the protected information at issue. Under no circumstances may protected information be used for any purpose other than for those purposes necessary to this litigation only (which includes discovery, motion practice, mediation, facilitation, arbitration, trial, or any other form of alternative dispute resolution, and appeals), except as may be agreed to by the parties in writing. Protected information may not be disclosed in any other litigation regardless of whether the action is filed against Defendant unless by agreement of the parties or as a result of a motion filed by one of the parties to the action for relief from this restriction. Nothing in this Order shall be read to inhibit Plaintiff's ability to prosecute this action or Defendant's ability to defend itself.

## 3.     **Permissible Disclosures**

(a)     Protected information may be disclosed to:

(1)     Each party;

(2) Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

(3) The partners, members, shareholders, associates, secretaries, paralegal assistants, support staff and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(4) Retained consultants or experts (testimonial and non-testimonial) and employees of said parties directly involved in the prosecution or defense of this litigation;

(5) Persons giving testimony during discovery in this litigation (limited to those documents involving such deponent's testimony) and who agree to be bound by this Protective Order either on the record or by signing a copy of the Order;

(6) The Court, court officials and court personnel involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(7) Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper after hearing the parties; and

(8) Persons preparing to give testimony during discovery in this litigation to the extent reasonably necessary for such purposes, and who agree to be bound by this Protective Order either on the record or by signing a copy of the Order.

(b) Prior to disclosing protected information, all persons, other than those described in subparagraphs 3(a)(2, 3, 6 & 7), who are to receive or view protected information must sign a

recital in the form attached hereto stating that the person has read and understands this Order and agrees to be bound by the terms of this Order.

### 4. Use of Protected Information in Litigation

The provisions of this Order shall not apply to restrict the use of protected information in connection with any deposition, discovery, proceeding, hearing, trial or appeal in this action as provided herein.

This Protective Order shall have no application in or to the conduct of trial except as otherwise directed or ordered by the Court. Nothing in this Stipulated Protective Order shall prohibit the admission of Confidential information, including but not limited to documents, ESI, deposition transcripts, and witness testimony into evidence if such information is otherwise admissible under the rules of evidence.

### 5. Right to Claim Confidentiality Preserved

To the extent that parties, their counsel, representatives working on this litigation, or retained consultants or experts must openly attest to or introduce protected information into evidence, such use shall not constitute a waiver of a party's right to claim that such information is confidential, and the protected information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this litigation, including, but not limited to, those persons listed in Paragraph 3 above.

### 6. Custody and Safekeeping of Protected Information

Counsel for a party to whom/which protected information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The duplication of protected information shall be limited to what is reasonably necessary for the conduct of this litigation.

7.     **Filing of Documents Containing Protected Information with the Court**

Documents, ESI, discovery, pleadings, papers, transcripts or other media containing protected information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation. However, such documents or the confidential portions thereof shall be filed in a sealed envelope and marked in such a way as to apprise the Court that the envelope contains documents or materials subject to the terms of this Order. No party shall be required to make a special application to the Court before filing information deemed to be "Confidential" pursuant to this Stipulated Protective Order.

8.     **Declassification**

In the event that any party believes that discovery information has been improperly designated as Confidential or protected, that party shall, within ten (10) days after receipt of a confidentiality designation, give written notice to all counsel of record, including counsel for the designating party, of the party's objection to the designation of the information as confidential or protected. The parties will attempt in good faith to reconcile the objection. If counsel for the parties have not resolved the objection within five (5) business days after service of the notice of objection, the party wishing to designate the information as confidential may move the Court to designate the material as falling within the scope and protection of this Order. The burden of proof shall rest on the designating party to justify the protected or confidential designation.

9.     **Continuing Application of Protective Order**

The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, protected documents and all copies of same (other than exhibits of record) shall be returned to the party which produced such documents or destroyed by the receiving party with written notice of

7

destruction, except that counsel may preserve copies of all confidential materials to the extent necessary to comply with the rules of professional conduct, malpractice policies, and the like. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation. The Court entering this Order shall maintain jurisdiction to decide disputes involving this Order. Any party who fails to comply with the provisions of this paragraph bears the burden at a hearing upon a motion seeking to enforce this paragraph to show that there is good cause for such party's non-compliance with the obligations of this Order.

10. **Modification Permitted**

Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

Date: June 5, 2012

                                    s/Robert H. Cleland
                                United States District Court Judge

I stipulate to entry of the above Order

| LAW OFFICES OF JOSHUA FRIEDMAN | BUTZEL LONG, a professional corporation |
|---|---|
| By: /s/Rebecca Houlding (w/permission)<br>Joshua Friedman<br>Rebecca Houlding<br>Daniela Nanau<br>1050 Seven Oaks Lane<br>Mamaroneck, NY 10543<br>Attorneys for Plaintiff<br><br>Date: 5/4/2012 | By: /s/ Bethany Steffke Sweeny<br>Bethany Steffke Sweeny (P64037)<br>Attorney for Defendant<br>MGM Grand Detroit, LLC<br>150 W. Jefferson, Suite 100<br>Detroit, MI 48226<br>(313) 225-7039<br><br>Date: 5/4/2012 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN TOWN,

            Plaintiff,

  vs                                      Hon. Robert H. Cleland

MGM GRAND DETROIT LLC,          Case No. 2-11-cv-14249
a Delaware Limited Liability,

            Defendant.

| | |
|---|---|
| Joshua Friedman | Louis Theros (P42970) |
| Rebecca Houlding | Bethany Steffke Sweeny (P64037) |
| Daniela Nanau | Shanta S.W. McMullan (P71703) |
| 1050 Seven Oaks Lane | BUTZEL LONG, a professional corporation |
| Mamaroneck, NY 10543 | Attorney for Defendant |
| Attorneys for Plaintiff | MGM Grand Detroit, LLC |
| | 150 W. Jefferson, Suite 100 |
| | Detroit, MI 48226 |
| | (313) 225-7039 |

## **AGREEMENT TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER**

      The undersigned has read the attached Stipulation and Protective Order (the "Order") in this case; and voluntarily agrees to abide by and be bound by the terms of the Order, and to be subject to the jurisdiction of the Court which entered the Order in the event of any proceedings related to its enforcement.

Signature: _____

Print Name: _____

Date: _____

378180